IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HALLIBURTON ENERGY SERVICES, INC., <br><br>    Plaintiff, <br>v. <br><br>WEATHERFORD INTERNATIONAL, INC. and BJ SERVICES COMPANY, <br><br>    Defendants. | CIVIL ACTION NO. 3:07-CV-2144-N <br><br>Jury Demanded |

A3

# EXHIBIT 2

**TO WEATHERFORD'S BRIEF IN SUPPORT OF ITS MOTION TO ENFORCE THE LOCAL PATENT RULES, TO STRIKE PLAINTIFF'S MON 62¶ 3-1 INFRINGEMENT CONTENTIONS AND TO DISMISS PLAINTIFF'S CLAIMS <u>NOT SUPPORTED BY VALID INFRINGEMENT CONTENTIONS</u>**

# HOWREY LLP

1111 Louisiana, 25th Floor
Houston, Texas 77002-5242
www.howrey.com

Stephen L. Lundwall
Partner
T 713.787.1498
F 713.787.1440
lundwalls@howrey.com

FILE: 13137.0245.000000

May 20, 2009

Maria Boyce
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, Texas 77002

RE: *Halliburton Energy Services, Inc. v. Weatherford International, Inc. et al.*, Civil Action No. 3:07-cv-2144

Dear Maria:

Enclosed herein is Weatherford's amended answer to Interrogatory No. 1. This amended response complies with Judge Godbey's instructions of May 11, 2009.

In addition, I have received your letter of May 12, 2009, which states that Halliburton intends to supplement its Rule 3-1 identification of "accused instrumentalities" with the model numbers that Weatherford supplies in its amended response to Interrogatory No. 1. Your letter suggests that Halliburton will do this without seeking leave of Court or otherwise following MON 62 ¶ 3-7. This letter will place you on notice that Weatherford objects to this procedure and will move to strike any amended disclosures not authorized by Judge Godbey. Amended disclosures must involve the Court. Local Rule 3-7 requires Halliburton to move for leave and show good cause before amending its preliminary infringement contentions. Further, Judge Godbey's comments at the May 11, 2009 hearing support Weatherford's belief that Halliburton has to obtain court permission before amending its infringement contentions.

Nonetheless, as Judge Godbey instructed, and pursuant to the local rules, Weatherford is willing to conference with you regarding which FracGuard model numbers, if any, can be appropriately added by amendment under the good cause standard of Rule 3-7. Weatherford believes that at least those models that Weatherford told Halliburton about one year ago or earlier, as well as the models that are not within a family of products previously identified by Halliburton in its claim chart, may not now be included by Halliburton. If Halliburton, however, believes that it has good cause for adding any model numbers, please specify that good cause to us so that we might consider it.

Weatherford hopes that Halliburton can agree with Weatherford's positions stated herein. Nonetheless, because it is in the interest of all parties to have these issues resolved as soon as possible, please confirm by Friday, May 22, 2009 whether (1) Halliburton intends to amend its Rule 3-1 infringement contentions without seeking leave of court under Rule 3-7, and (2) what good cause Halliburton has to amend its Rule 3-1 infringement contentions. If Halliburton



May 20, 2009
Page 2

intends to amend its contentions without seeking leave of Court under Rule 3-7 or to specify model numbers without meeting the Rule 3-7 good cause standard, Weatherford must file a motion to enforce Rules 3-1 and 3-7 and to strike contentions (currently filed or yet-to-be filed) that do not conform to these Rules. I look forward to speaking with you on these issues. Thank you.

Sincerely,

Stephen L. Lundwall

DM_US:22093060_1

**A5**