IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HALLIBURTON ENERGY SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEATHERFORD INTERNATIONAL, INC. and BJ SERVICES COMPANY, <br><br> Defendants. | CIVIL ACTION NO. 3:07-CV-2144-N <br><br> Jury Demanded |

# EXHIBIT 4

**TO WEATHERFORD'S BRIEF IN SUPPORT OF ITS MOTION TO ENFORCE THE LOCAL PATENT RULES, TO STRIKE PLAINTIFF'S MON 62¶ 3-1 INFRINGEMENT CONTENTIONS AND TO DISMISS PLAINTIFF'S CLAIMS <u>NOT SUPPORTED BY VALID INFRINGEMENT CONTENTIONS</u>**

# HOWREY LLP

1111 Louisiana, 25th Floor
Houston, Texas 77002-5242
www.howrey.com

Stephen L. Lundwall
Partner
T 713.787.1498
F 713.787.1440
lundwalls@howrey.com
FILE:  13137.0243.000000

May 28, 2009

Maria Boyce
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, Texas 77002

RE:     *Halliburton Energy Services, Inc. v. Weatherford International, Inc. et al.,* Civil
        Action No. 3:07-cv-2144

Dear Maria:

I have received your letter of May 22, 2009 and understand HES's position, which you stated in both your May 12, 2009 letter and in your May 22, 2009 letter. Weatherford's position is likewise clearly stated in my May 20, 2009 letter to you (as well as in the prior April 10, 2009 letter). I think we both clearly know where each party stands, and I am now certain that there is nothing more either one of us can say that will prompt any movement. Therefore, Weatherford has met the spirit and the letter of the local rule's and Judge Godbey's requirements for a meet and confer. If that were not enough, however, immediately after the hearing before Judge Godbey, I conferenced with Roger Fulgham in person, indicating that Weatherford would file a motion to strike; he stated that HES would oppose such a motion. Thus, the conference obligations are complete.

Weatherford will file its motion to strike HES's original infringement contentions, as I have now previously indicated in person and in letter more than once. Of course, Weatherford also believes that HES's intention to supplement its infringement contentions without leave of Court is improper. In order to attempt to gain some efficiencies for the Court, Weatherford will file a consolidated motion to strike both the original and supplemental infringement contentions after the expiration of the 30 days that you set forth in your May 22 letter, thereby avoiding two motions. It was unclear to me, however, how the 30 days was calculated—whether it was 30 days from the date of the hearing or 30 days from the date of your letter. I'll assume it was 30 days from the date of your letter; thus, Weatherford will plan on filing its motion shortly after June 22, 2009. In order to get this issue resolved, however, Weatherford will file its motion at that time, whether or not HES has actually served its supplement by June 22, 2009, as you have indicated HES would. Finally, since HES is taking the position that it need not seek leave of Court to alter its infringement contentions, Weatherford will include in its motion to strike a motion to dismiss, as indicated in Weatherford's May 8, 2009 Opposition Brief (at 2 and 13).

Your May 22, 2009 letter suggests that you may still want to further discuss these issues by telephone. I am happy to talk with you further by telephone about these issues if there is any



May 28, 2009
Page 2

possibility that HES will reconsider its positions already made clear in your letters.  If HES will reconsider or if HES wishes to discuss any particular good cause for the addition of any specific model number as requested in my May 20, 2009 letter to you, then let us conference one more time.  If not, there is no point to a telephone conference, although I am happy still to call you on the telephone and discuss other case matters.  Please let me know if HES will reconsider its positions and you would like to discuss these issues further.  If we do not hear from you, we will assume that the parties are truly at an impasse, which I believe is the case.

Sincerely,

Stephen L. Lundwall