IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION No.3:07-CV-2144-N |
| | § | |
| WEATHERFORD INTERNATIONAL, INC. | § | |
| and BJ SERVICES COMPANY, | § | Jury Demanded |
| | § | |
| Defendants. | § | |

**BJ SERVICES COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO
STRIKE INFRINGEMENT CLAIMS FOR FOUR TOOLS**

Although Halliburton had prior notice of the model numbers of four BJ Services tools, it failed to identify these tools in its preliminary infringement contentions. In addition, Halliburton cannot make the good cause showing required to include these four tools in its "supplemental" infringement contentions.

**I.   FACTS**

In 2003, BJ Services produced engineering drawings for the BJ Services tools. (Ex. 1, A3; Ex. 2, A7).[1] Included in this production were engineering drawings for four tools, which identified the four tools by model number. (Ex. 4, A13; Ex 5, A19; Ex. 6, A21; Ex 7, A48). The model numbers for these tools are 78208-1, 82082-1, 80919-1, and 82193-1. *See id.*

On April 1, 2008, Halliburton served its preliminary infringement contentions. Despite having the engineering drawings and knowing the model numbers for these four tools, Halliburton

---

[1] These documents were produced in the first litigation. *See id.* On March 14, 2008, the Court ordered that all discovery from the first litigation is available for use in this lawsuit. (Ex. 3, A10-A11).

{00010660 / 1}

merely described BJ Services' accused tools using broad categories of tool types and temperature ratings (e.g., "BJ's Python™ Composite Frac Plug (including Python HT [High Temp] Composite Frac Plugs and Python MT [Medium Temp] Composite Frac Plugs"). (Ex. 9, A128-A177; Ex. 8, A122).

On June 17, 2009, Halliburton served what it referred to as "supplemental" infringement contentions. (Ex. 10, A179-A182; Ex. 11, A184-A236).

## II.  ARGUMENT AND AUTHORITIES

### A.  Requirements for Preliminary Infringement Contentions

The Northern District of Texas Local Patent Rules, Miscellaneous Order No. 62 ¶ 3-1(a), provides that preliminary infringement contentions must identify

> Separately for each asserted claim, *each accused apparatus, product, device*, process, method, act, or other instrumentality ("accused instrumentality") of each opposing party *of which the party is aware. This identification must be as specific as possible*. *Each product, device, and apparatus must be identified by name or model number, if known.*

Miscellaneous Order No. 62 ¶ 3-1(a) (emphasis added).

Halliburton was required to identify BJ Services' accused tools as specifically as possible in its preliminary infringement contentions. *See id.; See also Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874 at *3-5 (E.D. Tex. Jan. 12, 2009) (dismissing infringement contentions with respect to products plaintiff could have identified but did not under analogous E.D. Texas Rule 3-1). (Ex. 12, A240-A242). Identification of tools using broad categories of tool types and temperature ratings does not comply with the requirements of Rule 3-1.

Rule 3-1 further provides that

Failure to comply with the requirements of this paragraph, ***including the requirement of specificity and detail in contending infringement, may result in appropriate sanctions, including dismissal***.

*Id.* at ¶ 3-1(b) (emphasis added).

### B. There is No Good Cause for Halliburton's Supplemental Infringement Contentions Regarding The Four Tools

There is no right to supplement infringement contentions. The Local Patent Rules for the Northern District of Texas provide for "amended" infringement contentions and then only in specific circumstances, which do not apply here.

Rule 3-7 states:

***Amendment of the preliminary*** or final ***infringement contentions*** or the preliminary or final invalidity contentions, other than as expressly permitted in paragraph 3-6, ***may be made only by order of the presiding judge upon a showing of good cause. Good cause for the purposes of this paragraph may include newly discovered accused instrumentalities***, newly discovered bases for claiming infringement, or newly discovered prior art references. ***A party seeking amendment of the preliminary or final infringement contentions*** or the preliminary or final invalidity contentions ***must include in its motion to amend a statement that the newly discovered accused instrumentalities***, newly discovered bases for claiming infringement, or newly discovered prior art references ***were not known to that party prior to the motion despite diligence in seeking out same***.

Miscellaneous Order No. 62 ¶ 3-7 (emphasis added).

Halliburton did not ask this Court for leave to amend or even attempt to make the "good cause" showing required to amend its infringement contentions. Indeed, Halliburton cannot make the required showing as to the four BJ Services tools because they are not "newly discovered accused instrumentalities." Nor can Halliburton make the statement required by Rule 3-7 as to these four tools: that the "newly discovered accused instrumentalities…were not known" to Halliburton at the time it served its new infringement contentions. As a result, as to the four tools, there is no good cause to amend the preliminary infringement contentions.

## III.  CONCLUSION

Because Halliburton's disclosures in its infringement contentions fall far short of the

disclosures required by the Local Patent Rules, BJ Services respectfully requests that Halliburton's

infringement claims be stricken as to tools with model numbers 78208-1, 82082-1, 80919-1, and

82193-1.


DATED:        July 10, 2009        Respectfully submitted,


By:    /s/ William C. Slusser
       William C. Slusser
       Texas Bar No. 18514500
       Email: slusser@slusser-law.com
       Jayme Partridge
       Texas Bar No. 17133060
       Email: partridge@slusser-law.com
       SLUSSER WILSON & PARTRIDGE L.L.P.
       333 Clay Street, Suite 4720
       Houston, TX  77002
       Telephone:  713.860.3300
       Facsimile:  713.860.3333
       Attorneys for Defendant
       BJ Services Co.

## CERTIFICATE OF AUTHORIZATION

I certify that Exhibits 4, 5, 6 and 7 to BJ Services Company's Brief in Support of its Motion to Strike Infringement Claims for Four Tools are authorized to be filed under seal pursuant to the Protective Order entered in this case.


/s/ William C. Slusser

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 10th day of July, 2009, with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served via U.S. First Class Mail on the same date.

/s/ William C. Slusser