IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HALLIBURTON ENERGY SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEATHERFORD INTERNATIONAL, INC. and BJ SERVICES COMPANY, <br><br> Defendants. | CIVIL ACTION NO. 3:07-CV-2144-N <br><br> Jury Demanded |

# EXHIBIT 23 (A243 – A248)

## TO WEATHERFORD'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE THE LOCAL PATENT RULES, TO STRIKE HES'S INFRINGEMENT CONTENTIONS AND TO DISMISS HES'S CLAIMS

# HOWREY LLP

1111 Louisiana, 25th Floor
Houston, Texas 77002-5242
www.howrey.com

**Stephen L. Lundwall**
Partner
T 713.787.1498
F 713.787.1440
lundwalls@howrey.com
FILE: 13137.0245.000000

April 10, 2009

Maria Boyce
Baker Botts LLP
One Shell Plaza
910 Louisiana
Houston, Texas 77002

RE:   *Halliburton Energy Services, Inc. v. Weatherford International, Inc. et al.*, Civil Action No. 3:07-cv-2144

Dear Maria:

I have received your letter of April 6, 2009. I must respectfully disagree with your position for at least a couple of reasons.

Your reading of MON 62 ¶3-1(a)(2) is inconsistent with the plain language and import of the rule. To illustrate this point, I set forth the entire text of the rule below with appropriate language highlighted for emphasis:

> 3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions.
>
> (a) Not later than 10 days after the initial case management conference, a party claiming patent infringement must serve on each opposing party a disclosure of asserted claims and preliminary infringement contentions and file notice of such service with the clerk. The disclosure of asserted claims and preliminary infringement contentions *must contain*, separately for each opposing party, the *following information*:
>
> (1) Each claim of each patent in suit that is allegedly infringed by each opposing party;
>
> (2) *Separately for each asserted claim, each* accused apparatus, *product*, device, process, method, act, or other instrumentality ("accused instrumentality") of each opposing party *of which the party is aware. This identification must be as specific as possible.* Each *product*, device, and apparatus *must be identified by name or model number, if known.* Each method or process must be identified by name, if known, or by any product, device, or apparatus that, when used, allegedly results in the practice of the claimed method or process;

April 10, 2009
Page 2

> (3) A chart identify specifically and in detail where each element of each asserted claim is found within *each accused instrumentality*, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of each structure, act, or material in the accused instrumentality that performs the claimed function;
>
> ...
>
> (b) Failure to comply with the requirements of this paragraph, *including the requirement of specificity and detail* in contending infringement, may result in appropriate sanctions, including dismissal.
>
> 3-7. Amendment to Contentions.
>
> Amendment of the preliminary or final infringement contentions or the preliminary or final invalidity contentions, other than as expressly permitted in paragraph 3-6, may be made *only by order of the presiding judge upon a showing of good cause*. Good cause for the purposes of this paragraph may include newly discovered accused instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references. A party seeking amendment of the preliminary or final infringement contentions or the preliminary or final invalidity contentions must include in its motion to amend a *statement that the newly discovered accused instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references were not known to that party prior to the motion despite diligence in seeking out same.*

There is no dispute that HES knows Weatherford's model numbers. We have substantial evidence confirming that HES was informed of the model numbers for Weatherford tools. The only dispute is whether HES could satisfy the rule by using a group classification, which includes several different kinds of tools within the classification, instead of by using a model number that specifically identified each tool, when complying with MON 62 ¶¶3-1(a)(2).

We could find no court decision that interprets the newly adopted patent local rules for the Northern District of Texas. But the Northern District of Texas patterned its rules after the local patent rules adopted in the Eastern District of Texas, which, as shown below, are nearly verbatim as those in the Northern District.

Eastern District of Texas Rule:

> 3-1. Disclosure of Asserted Claims and Infringement Contentions.
>
> Not later than 10 days before the Initial Case Management Conference with the Court, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for

DM_US:21614868_1

**A245**

April 10, 2009
Page 3

> each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" *shall contain the following information*:
>
>> (a) Each claim of each patent in suit that is allegedly infringed by each opposing party;
>>
>> (b) *Separately for each asserted claim, each* accused apparatus, *product*, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party *of which the party is aware. This identification shall be as specific as possible.* *Each* [product, device, and apparatus *must be identified by name or model number, if known.* Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
>>
>> (c) A chart identifying specifically where each element of each asserted claim is found within *each Accused Instrumentality*, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;
>>
>> …
>
> 3-6. Amending Contentions.
>
>> (a) ….
>> (b) Leave required. Amendment or supplementation any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P.R. 3-6(a), may be made *only by order of the Court, which shall be entered only upon a showing of good cause.*

We cited in our objection two opinions that have interpreted the very phrase that you focus on in your letter: "by name or model number, if known." *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874 *2 (E.D. Tex. Jan. 12, 2009); *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559 at 3 (E.D. Tex. Feb. 20, 2009) (Memorandum and Order denying Davis-Lynch's motion for reconsideration of Jan. 12, 2009 order). Both decisions explicitly state that the local rule requires identification of model numbers, if known. If model numbers are known, but not used, then the devices corresponding to the model numbers are not "accused products." With opinions upholding Weatherford's position issued just weeks ago, Weatherford does not believe it would be justified to withdraw its objection in this case based on the exact same issue.

This conclusion is unambiguously supported by the language immediately preceding the phrase you cite, which requires the patentee to identify "separately for each asserted claim, *each* accused apparatus, product, device … of each opposing party *of which the party is aware.* This

April 10, 2009
Page 4

identification *must be as specific as possible*" (emphasis added). This language does not permit accusing products by broad group names when specific model numbers reflecting the various different kinds of tools within the broader groups are available and known. The words "each product" and "as specific as possible" make that point abundantly clear. No fair reading of this language would permit simply identifying tools by broad groupings as a substitute for identifying tools by specific model number, if known. Moreover, the *Davis-Lynch* opinions specifically reject the idea that a party could satisfy its obligation under the local rules by simply naming exemplary products or by describing a group or classification of product.

In the one meaningful difference between ¶3-1 of the Northern District and the same paragraph in the Eastern District, the Northern District adds further support to Weatherford's view. In the last sentence of MON 62 ¶3-1, the Northern District emphasizes yet again that the patentee has an obligation to accuse products (and provide a supporting claim chart) in "specificity and detail."

In short, with the rule's language that emphasizes the accusation of "each" product "as specific as possible," and in "specificity and detail," there is no reasonable argument that the language discussing model numbers means anything other than a party's specificity obligation includes the requirement to identify model numbers, if known. The mere fact that Weatherford asked HES a couple of requests for admission using HES's quoted group language does not alter HES's obligations under the local rules to identify specific model numbers—but, incidentally, did establish that HES did not even know of any broad classification of tools (let alone of any of the different specific tools found within any broad classification) at the time HES filed this lawsuit that Weatherford had made, sold or used with non-metallic slips. While this admission is relevant to HES's good faith basis in bringing the lawsuit, it is not relevant to what HES had to identify in compliance with MON 62 ¶3-1.

Weatherford believes that HES must seek leave to amend its deficient infringement contentions under the standards set forth in MON 62 ¶3-7 (which rule contains the other meaningful difference from the Eastern District and also adds further support to Weatherford's view). While Weatherford opposes such a motion because HES has known about the model numbers for some time, if the court were to grant the motion, Weatherford will supplement its interrogatory response.

In your April 6, 2009 letter, you demand compliance with your request in four days. While this letter makes clear our position on our objections, when we reviewed our evidence, we found a couple of model numbers that we believe should be supplemented to the interrogatory response based on the same reasons we discussed in our interrogatory response. Thus, we are supplementing the responses herein within your four day ultimatum.

Finally, I originally conferenced with you over one month ago on Weatherford's motion to compel HES relating to HES objections at depositions. I sent an email trying to resolve the issue

April 10, 2009
Page 5

on March 10, 2009, and when the parties could not agree with that, sent additional proposals on March 26, 2009 and on April 1, 2009. Your email of April 9, 2009 did not agree with my last proposal. My email on March 10, 2009 set forth the protections that BJ and WEAF believe are appropriate with respect to former and current employees of the parties. Your last two proposals contained the same point that Weatherford had already rejected (twice, as of April 1st). I have talked with BJ's counsel and both BJ and Weatherford now believe dragging this out any further is not productive as the parties have not reached agreement in over a month's time. Weatherford does not want to delay seeking for the full relief that it believes it is entitled to and will proceed with its motion.

Sincerely,

Stephen L. Lundwall